**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **CONCHITA MCDOWELL-BONNER** *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-2210 (RBW) |
| **DISTRICT OF COLUMBIA** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER DENYING MOTION TO RECONSIDER**

The complaint in this case was dismissed after the plaintiffs failed to defend against any of the defendants' three dispositive motions. The plaintiffs have now filed a motion to reconsider, arguing that counsel's failure to timely file oppositions was excusable neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure. The defendants oppose the motion to reconsider and dispute that the neglect is excusable. On the record before the Court, it concludes that the plaintiffs' counsel's failure to respond to the motion does not appear to be the product of excusable neglect, and therefore the motion to reconsider will be denied.

The docket entries in this case provide the relevant background. The plaintiffs, originally proceeding *pro se*, were directed to file their responses to two dispositive motions no later than March 13, 2009. The day the responses were due, counsel for plaintiffs appeared and filed a motion requesting an extension of time through March 31, 2009, to respond to the two dispositive motions pending at that time. The motion for an extension of time was denied without prejudice to renew because the plaintiffs' counsel had failed to comply with Local Civil

Rule 7(m).  *See* Minute Order, Apr. 9, 2009.  The plaintiffs' counsel never renewed the motion, and thus the March 13, 2009 deadline was never extended.  Furthermore, March 31, 2009 passed with no response from the plaintiffs to the two pending dispositive motions.  A third dispositive motion was filed on behalf of other defendants on March 31, 2009.  The Court ordered the plaintiffs to respond to this third dispositive motion by May 11, 2009.  That deadline also passed without any response by the plaintiffs.  By order dated May 13, 2009, the Court granted as conceded the three pending dispositive motions, and dismissed the complaint.  By her own account, the plaintiffs' counsel did not know that the case had been dismissed until one of the defense counsel informed her on May 15, 2009.  *See* "Plaintiffs' Motion for Reconsideration Under LCvR 5.4(g) and Relief from Final Judgment Order of Dismissal Dated May 13, 2009 Under Rule 60(B) [sic] and Memmorandum [sic] of Law" ("Mot. for Recons.") at 3.  Soon thereafter, the plaintiffs' counsel contacted this Court's staff to report that she had encountered problems when she had attempted to electronically file the plaintiffs' responses during the evening of May 11, 2009.  *Id.* at 3-4.  On May 29, 2009, the plaintiffs' counsel filed a motion to reconsider, and separately filed oppositions to the dispositive motions.

It is well understood that clients may suffer adverse consequences when their attorneys fail to act as required.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993).  Under Rule 60(b), however, the Court may grant a party relief from an adverse judgment on grounds of, *inter alia,* "excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Although the United States Court of Appeals for the District of Columbia Circuit has declined to adopt a *per se* rule, it is nonetheless the case that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'"  *In re Vitamins Antitrust Class Actions,*

327 F.3d 1207, 1209-10 (D.C. Cir. 2003) (quoting *Pioneer Inv. Servs.,* 507 U.S. at 392). "[T]he determination [of what constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.,* 507 U.S. at 395.  Among the factors to consider in determining whether there has been excusable neglect, "[c]ourts have noted that fault in the delay is perhaps the most important single factor." *Wilson v. Prudential Financial,* 218 F.R.D. 1, 3 (D.D.C. 2003) (internal quotation marks and alteration omitted).  "The party seeking relief bears the burden of demonstrating that the prerequisites for that relief are satisfied." *Maynard v. District of Columbia,* 579 F. Supp. 2d 137 (D.D.C. 2008) (citing *McCurry v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 592 (6th Cir. 2002)).[1]

Admission to practice before this Court requires that an attorney affirm in writing that he or she is "familiar with the Rules of the United States District Court for the District of Colombia."  Local Civil Rule 83.8(b)(6)(iii).  Among other things, the local rules require counsel to file all documents "by electronic means in a manner authorized by the Clerk."  Local Civil

---

[1] In general, "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the [C]ourt's conscience that justice be done in light of all the facts." *Smalls v. United States,* 471 F.3d 186, 191 (D.C. Cir. 2006) (internal quotation marks, ellipses, and citation omitted).  Thus, even where a movant may be able to establish that a failure to meet Court-imposed deadlines was excusable neglect,"[t]o obtain Rule 60(b) relief, the movant must give the [Court] reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Norman v. United States,* 467 F.3d 773, 775 (D.C. Cir. 2006) (internal quotation marks and citation omitted).  The Court may therefore properly deny a Rule 60(b) motion for reconsideration of a final judgment where the movant fails to "at least establish that it possesses a potentially meritorious claim or defense which, if proven, would bring success in its wake." *Murray v. District of Columbia,* 52 F.3d 353, 355 (D.C. Cir. 1995) (internal quotation marks and citation omitted).  Because the plaintiffs' counsel does not establish that her delay in filing resulted from excusable neglect, the Court does not reach the contingent question of whether granting relief would be an empty or futile exercise.

Rule 5.4(a).  They also require counsel to acquire and maintain a password for electronic filing purposes, consent to electronic service, to monitor his or her e-mail account for notices of service, and to promptly retrieve noticed filings.  *See* Local Civil Rule 5.4(b).  In addition, the rules require that filings be redacted to exclude certain personal identifiers.  *See* Local Civil Rule 5.4(f).  The rules also require counsel to confer with opposing counsel before filing a non-dispositive motion and to so certify.  *See* Local Civil Rule 7(m).

      The court takes judicial notice that the plaintiffs' counsel has been admitted to practice before this Court for approximately seven years, since October 2002, and as such is presumed to be familiar with the local rules.  Yet, plaintiffs' counsel did not comply with Local Civil Rule 7(m) when seeking an extension of time.  *See* Motion for Extension of Time, Mar. 13, 2009; *see also* Minute Order, Apr. 9, 2009 (denying motion for failure to comply with LCvR 7(m)).  Upon entering her appearance for the plaintiffs in this matter, counsel failed to conform the complaint in compliance with Local Civil Rule 5.4(f) by excluding personal identifiers.  In addition, the plaintiffs' counsel did not comply with the Court's order directing her to file a redacted complaint in conformance with Local Civil Rule 5.4(f).  *See* Minute Order, Apr. 8, 2009 (directing, in response to a motion filed jointly by the parties, that the complaint be refiled with personal identifiers redacted).  The plaintiffs' counsel also appears to have been unaware of the Court's order denying her motion for an extension of time.  *See* Minute Order, April 9, 2009.  Counsel's failure to comply with this Court's orders strongly suggests that she did not monitor her e-mail account for notices of filings as required by Local Civil Rule 5.4(b)(6) and had not ensured that she could interface with the Court's electronic case filing and management system.  Against this backdrop, the plaintiff's counsel's inability to electronically file her oppositions on

the evening of May 11, 2009, can hardly be considered the result of excusable neglect. Moreover, even fully crediting her explanation of the filing difficulties she experienced on the evening of May 11, 2009, and the four days immediately thereafter,[2] counsel's explanation fails to account for, or even address, two other critical matters:  (1) her neglect of the filing deadlines — whether March 13, 2009 or March 31, 2009 — applicable to the first two of the three dispositive motions filed by the defendants; and (2) waiting until May 29, 2009 — eighteen days past the missed deadline and fourteen days after she learned that the case had been dismissed — to file a motion for relief and to present the memoranda in opposition to the three dispositive motions, which she represents as having been completed on May 11, 2009.  *See* Mot. for Recons. at 2.

      In sum, the record before the Court establishes repeated neglect of and inattention to the requirements of the local rules, and consequently of the Court's order filed in is case, culminating in the missed deadline of May 11, 2009.  Thus, "taking account of all relevant circumstances surrounding the party's omission[s]," *Pioneer Inv. Servs.,* 507 U.S. at 395, the missed deadline of May 11, 2009, cannot be reasonably viewed as excusable.  Accordingly, it is hereby

      ORDERED that the plaintiffs' motion for relief from the judgment is DENIED.

|  |  |
|---|---|
| Date:  November 10, 2009 |     /s/<br>REGGIE B. WALTON<br>United States District Judge |

---

[2] Counsel did not submit a sworn statement or provide any documentary evidence in support of the facts she advances.